UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| NIKOLAS M. JORDAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:26-cv-02039-JPH-CSW |
| | ) | |
| J. WRIGLEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Dismissing Action and Directing Entry of Final Judgment**

A lawsuit "is duplicative if the 'claims, parties, and available relief do not significantly differ between the two actions.'" *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 888–89 (7th Cir. 2012) (*quoting Ridge Gold Standard Liquors, Inc. v. Joseph E. Seagram & Sons, Inc.*, 572 F. Supp. 1210, 1213 (N.D. Ill. 1983)). That is the case here. This civil action filed on September 22, 2026, is duplicative of the claims raised in *Jordan v. Wrigley, et al.*, 1:26-cv-1846-RLY-MKK.

In both cases, plaintiff alleges that he has been wrongly labeled as a sex offender. The content of the complaint is identical to that in Case No. 1:26-cv-1846-RLY-MKK. There is no reason for duplicative lawsuits which drain scarce judicial resources. In fact, the Seventh Circuit has instructed that "[t]he district court has broad discretion to dismiss a complaint for reasons of wise judicial administration whenever it is duplicative of a parallel action already pending in another federal court." *McReynolds,* 694 F.3d at 888 (cleaned up). On that basis, **this action is dismissed without prejudice as duplicative**. *See Jones v. Jeffreys*, 798 F. App'x 29, 31 (7th Cir. 2020) (district courts have broad discretion

to dismiss duplicative suits); *Firestone Fin. LLC v. Meyer*, 881 F.3d 545, 549 (7th Cir. 2018) (summarily dismissing appeal as duplicative).

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 9/23/2026

James Patrick Hanlon

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

NIKOLAS M. JORDAN
202061
WESTVILLE - CF
WESTVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only